UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MARGARET FOREMAN and CLEVELAND GRIFFIN,

                        Plaintiffs,

                                                                                 JOINT PRE-TRIAL
                                                                                  ORDER
   -against-

PETER BERNAGOZZI, individually and as a police officer
of the Southampton, New York Police Department,
JOHN KUEZ, individually and as a police officer of the               Index #CV-05-5763
Southampton New York Police Department, JOHN DOE,               (DRH) (ARL)
Individually and as a police officer of Southampton New York
Police Department, and the TOWN OF SOUTHAMPTON,
New York,

                        Defendants.
----------------------------------------------------------------------x

       The Parties, as and for their Joint Pre-Trial Order, in accord with the Rules of This Court, 6A i-xi, state as follows:

i) The full caption of the action shall be hereby amended to remove reference to defendant "John Doe, Individually and as a police officer of Southampton New York Police Department" as plaintiffs have discontinued the claim as against that defendant only; all other named parties therein remain in the case.

ii) Trial Counsel for Plaintiff:                 Arthur V. Grasek, Jr.
                                                               1870 Spur Drive South
                                                                Islip Terrace, New York 11752
                                                                Phone: (631) 277-6543'
                                                                Fax: (631) 277-2227

       Trial Counsel for Defendants:            Jeltje DeJong, Esq.
                                                                Devitt Spellman Barrett LLP
                                                               50 Route 111
                                                                Smithtown, New York 11787
                                                               Phone: (631) 724-8833
                                                               Fax: (631) 724-8010

iii) The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(1)-(4) as the action is based upon allegations of violations by the defendants of the plaintiffs, Margaret Foreman and Cleveland Griffin's Civil rights pursuant to 42 U.S.C. §§ 1983 and The Fifth and Fourteenth Amendments to the United States Constitution. It is alleged that on September 12, 2004, the defendants

displayed deliberate indifference to Foreman's welfare by exposing her to mace and that they used excessive force against Griffin. Plaintiff Foreman is invoking the Court's Supplemental Jurisdiction by alleging negligence under New York State law .

iv) There have been no substantive motions in this case. The initial scheduling Order was entered on March 29, 2006. By Order of September 18, 2006 Discovery was extended by the Court following consent application by the parties. Discovery was extended again by Order of the Court on December 18, 2006, and again by order dated February 26, 2007. Discovery is now complete.

v) Plaintiffs have discontinued the claim as against defendant "John Doe" only. All other claims remain. Plaintiff claims that the Town, through its agents and servants, deprived the plaintiffs of their rights under the Fourth Amendment to the United States Constitution to be free from the use of excessive and unreasonable force and/or deliberate indifference against them in connection with the making of an arrest. Plaintiff Margaret Foreman claims that defendant Town is vicariously liable for the acts and wrongful conduct of its employees under a theory of negligence under the laws of the State of New York.

All of the affirmative defenses plead by the defendants in their Answer of January 17, 2006 remain, except for the defense that plaintiff failed to comply with conditions precedent to suit (Answer, Ninth Affirmative Defense). The remaining defenses are as follows:
1) Plaintiffs fail to state a claim upon which relief may be granted. FRCP 12(b)(6);
2) Plaintiffs' damages, if any, were caused by their own negligent conduct;
3) Plaintiff's complaint fails to set forth facts sufficient to constitute a deprivation of any Constitutional or civil rights claim under Federal law FRCP 12(b)(6);

4) No Policy, statement, regulation or decision, nor any custom or practice officially adopted or otherwise endorsed, promulgated or ratified by the defendants authorized a deprivation of plaintiffs' rights. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (municipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision. *Id.* at 690-91);

5) The individual defendants are entitled to qualified immunity as at all times they acted reasonably in the discharge of their duties and responsibilities as law enforcement officers, and at all times they reasonably believed that they were exercising and acting within their statutory and constitutional powers and pursuant to Federal and/or state law. "The qualified immunity doctrine shields governmental officials performing discretionary functions from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Poe v. Leonard,* 282 F.3d 123, 131 (2d Cir .2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *see also Loria v. Gorman,* 306 F.3d 1271, 1281 (2d Cir.2002);

6) The doctrines of *respondeat superior* and vicarious liability do not apply to a civil rights claim *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691,694 (1978);

7) The Municipal defendant is not liable for punitive damages. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981);

8) The amount of force used by the individual defendants was reasonable under the circumstances;

9) The plaintiffs have no constitutional right under the Fourth Amendment regarding seizure or damage of their property;

10) The Town is entitled to Governmental immunity under New York State Law. See, e.g., *Kelleher v. Town of Southampton* 306 A.D.2d 247, 760 N.Y.S.2d

235 (2d Dept. 2003);

Copies of the Summons, Complaint and Answer of the defendants are collectively attached hereto as Exhibit "A".

vi) Plaintiff has demanded a jury trial

vii) The parties have not consented to trial before a Magistrate Judge.

viii) The parties stipulate and agree as to the following facts and/or law:

1) The defendant Town is a municipal corporation and at all relevant times employed the individual defendants, Bernagozzi and Kuey;

2) Plaintiff Foreman timely filed a Notice of Claim upon the Town;

3) Bernagozzi and Kuey were acting at all times under color of law;

4) There was an arrest of plaintiff Cleveland Griffin by the Southampton Town Police on September 12, 2004.

5) Plaintiff Griffin plead guilty to a charge of Assault in the Third Degree on November 22, 2004 under Case # 2597-2004

6) The parties agree that the Court has subject matter jurisdiction and personal jurisdiction over the Town and individually named defendants.

ix) Plaintiffs:

Plaintiffs witnesses are expected to testify about the incidents in issue and the impact that the complained of events have had on them. Witnesses are as follows:

1) Plaintiffs Foreman and Griffin;

2) Personnel of the office of Dr. Seodot;

3) Personnel of Peconic Bay Hospital

4) Personnel of Suffolk County Jail Medical Unit;

5) Personnel of the office of Dr. Imam;

6) Employee of Medical Department NYS Dept. of Correctional Services;

7) Melody Ann Pompano

8) Lashanda Foreman;

9) Edgar Griffin 77 Bell Ave. Riverhead, NY;

10) Larry Foreman 62 Riverside Ave. Riverhead, NY;

11) Mitchell Stromsky, Riverhead, NY

Plaintiffs reserve the right to offer the relevant and admissible testimony of any witness listed by defendants whether or not defendants call such witness at the time of trial. Plaintiffs may also call any of the witnesses listed, *supra.*

Defendants shall object to any witness offered by the plaintiff not specifically identified herein, and object to proposed testimony of Larry Foreman who was not previously identified to defendants.

Defendants are prepared to call the following individuals as witnesses at the trial of this matter:

1) Peter Bernagozzi, Southampton Town Police
2) John Kuey, Southampton Town Police
3) James Giardina, Southampton Town Police
4) Bruce Kavan, Southampton Town Police
5) Andrew Ficurilli, Southampton Town Police
6) Captain Tenaglia, Southampton Town Police
7) Melody Pampena, address unknown
8) Melvin Holden, M.D., Island Pulmonary Internists, PC, 453 South Oyster Bay Road, Plainview, New York 11803 (Expert Witness)
9) Lashonda Foreman, 70 Riverside Ave., Riverhead, NY 11901
10) Edgar Griffin, 77 Bell Avenue, Riverhead, New York 11901

Defendants reserve the right to call the plaintiffs in this action as well as any of plaintiffs' treating physicians identified by them in Discovery in this matter. Defendant's further reserve the right to call authentication witnesses for any Exhibit listed below to which the plaintiffs will not stipulate as to authenticity.

x) PLAINTIFFS:

Plaintiffs reserve the right to use portions of any transcripts that may be offered or otherwise used by defendants. In addition, should a plaintiff or other witness become unavailable, plaintiffs reserve the right to offer deposition testimony in evidence.

DEFENDANTS:

Defendants reserve the right to use all or portions of the deposition transcripts of the following individuals in accord with FRCP 32 and the Federal Rules of Evidence:

1) Margaret Foreman a) Examination Under Oath December 2, 2005, pages 4-11; 14-15; 17-21; 24-49; 50-62; 64-77;79-80; 82-102; b) Deposition December 14, 2006, pages 6-10; 13-56; 61-75;
2) Cleveland Griffin Deposition April 5, 2007, pages 7-63 ;
3) Lashanda Foreman Deposition February 12, 2007, pages 4-57
4) Edgar Griffin, Jr. Deposition February 12, 2007, pages 4-23
5) Melody Pampena Deposition    (Transcript not yet available)

Defendants reserve the right to use additional portions of the transcripts of the aforementioned individuals pursuant to FRCP 32(a)(1) & (2); and reserve their right to object to any Deposition testimony offered by the plaintiff on any grounds under the Federal Rules of Civil Procedure and/or Federal Rules of Evidence, including but not limited to FRCP 32(b).

xi) The plaintiffs reserve the right to use any relevant and admissible exhibits identified by defendants for inclusion in the proposed joint pre-trial order, whether or not the

defendants actually offer such exhibits at the time of trial. The plaintiffs may also offer the following exhibits to the extent that they are relevant and admissible:

1) Margaret Foreman's Notice of Claim;
2) Peconic Bay Hospital records regarding Margaret foreman; **Defendants object pursuant to FRE 801, 902(a);**
3) Records of Dr. Seodot regarding Margaret Foreman; **Defendants object pursuant to FRE 801, 902(a);**
4) Records of Dr. Muneer Imam regarding Margaret Foreman; **Defendants object pursuant to FRE 801, 902(a);**
5) Two reports of Dr. Muneer Imam regarding Margaret Foreman; **Defendants object pursuant to FRE 801, 902(a);**
6) Peconic Bay Hospital records regarding Cleveland Griffin; **Defendants object pursuant to FRE 801, 902(a);**
7) Suffolk Jail Medical Unit records regarding Cleveland Griffin; **Defendants object pursuant to FRE 801, 902(a);**
8) Southampton Police records regarding physical condition of Cleveland Griffin; **Defendants object pursuant to FRE 801, 902(a);**
9) Suffolk Jail Intake photo regarding Cleveland Griffin; **Defendants object pursuant to FRE 902(a);**
10) Suffolk county Jail Intake records regarding Cleveland Griffin; **Defendants object pursuant to FRE 801, 902(a);**

11) Eight (8) photos depicting damage to plaintiff's property;

12) Internal Affairs files generated as a result of plaintiffs' complaint; **Defendants object pursuant to FRE 801;**

13) Medical Department, Department of Correctional Services records regarding Cleveland Griffin; **Defendants object pursuant to FRE 801, 902(a).**

The defendants will object to the introduction of any exhibit into evidence by the plaintiff not specifically identified herein.

The defendants reserve the right to offer the following Exhibits into evidence at the time of Trial:

A) Transcript of plaintiff Cleveland Griffin's Allocution upon plea of Guilty to a charge of Assault in the Third Degree dated November 22, 2004 under Central Case # 2597-2004

B) True color copy of photographs marked Defendant's Exhibit "A" of 2-12-07

C) True color copy of photographs marked Defendant's Exhibit "B" of 2-12-07

D) True copies of photographs marked Respondent's Exhibits "A" through "E" of 12-2-05

E) True and complete copies of Southampton Town Police Department Arrest Report under Department Case # 2004-00023877 and accompanying (1) Felony complaint, (2), (3) misdemeanor informations, (3) general traffic complaint; (4) driving while intoxicated complaint; and (5) medical form

F) Southampton Town Police Use of Force Reports under Central Complaint #04-23877;

G) Southampton Town Police CAD Abstract Report, event number P/2004-00041098;

H) Southampton Town Police Drug Influence Report under Central Complaint #04-23877;

I) NYSDMV Report of Refusal to Submit to Chemical Test dated 9/12/04;

J) P.O. Kuey Supplementary Report 01/01/05

K) Training records for officers Bernagozzi and Kuey related to the use of oleoresin capsicum aerosol spray and use of force;

Plaintiffs stipulate to the authenticity of the defendants' proposed exhibits. Plaintiffs reserve the right to object to the exhibits offered on other grounds pursuant to the Federal Rules of Evidence.

Defendants reserve the right to use additional exhibits, including but not limited to the medical records of the plaintiff, for impeachment and/or as rebuttal evidence.

                              SO ORDERED:

                              _____

                              DENIS R. HURLEY, USDJ