UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MARGARET FOREMAN and CLEVELAND GRIFFIN,

Plaintiffs,

**MEMORANDUM AND ORDER**
05-CV-5763 (DRH)(ARL)

-against-

PETER BERNAGOZZI, JOHN KUEZ,[1] and TOWN OF SOUTHAMPTON,

Defendants.
--------------------------------------------------------------X

**APPEARANCES:**

**ARTHUR V. GRASECK, JR.**
Attorney for Plaintiffs
1870 Spur Drive South
Islip Terrace, New York 11752

**DEVITT SPELLMAN BARRETT, LLP**
Attorneys for Defendants
50 Route 111
Smithtown, New York 11787
By: Jelte DeJong, Esq.

**HURLEY, District Judge**:

Plaintiffs Margaret Foreman ("Foreman") and her son Cleveland Griffin ("Griffin") commenced this action against defendants Peter Bernagozzi, John Kuey, and the Town of Southampton (the "Town") alleging various injuries arising out of Griffin's arrest. After a five-day trial, the jury rendered a verdict in favor of the individual defendants on all counts and in favor of Foreman on her negligence claim against the Town for spraying pepper spray in an enclosed area. The jury further found that Plaintiff was also negligent and that she was 50% at fault in causing her injury. The total amount of compensatory damages was found to

---

[1] The correct spelling of defendant's name is "Kuey."

be $7,000.00 and Foreman was therefore awarded $3500.00. Judgment was entered on September 30, 2010.

On October 3, 2010, Foreman filed a motion to set aside the verdict with respect to damages and for a new trial. Foreman's motion consists of a three-page attorney affirmation summarizing Foreman's testimony and arguing that Foreman's relationship with her co-plaintiff son, who was involved with illegal drug activities, "prejudiced her in the eyes of the jury and rendered it incapable of dispassionately assessing damages attributable to the extreme and prolonged emotional distress which . . . Foreman experienced." (Arthur V. Grasek, Jr. Affirmation dated Oct. 3, 2010 ¶ 16, ECF No. 37.) No citations to case law or the trial transcripts are provided. For the reasons that follow, Foreman's motion is denied.[2]

In ruling on a motion for judgment as a matter of law under Rule 50(b), a district court must "consider the evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable inferences that the jury might have drawn in its favor." *See Madiera v. Affordable Housing Found., Inc.*, 469 F.3d 219, 227 (2d Cir. 2006). The trial court is not to permitted to consider the credibility of the witnesses or otherwise assess the weight of conflicting evidence, since that function is given to the jury. *Id.* "[A] district court may set aside the verdict pursuant to Rule 50 only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *AMW Materials*

[2] The Court construes Foreman's motion to set aside the verdict as one for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50(b). Foreman's motion for a new trial is governed by Rule 59.

*Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009) (citation and internal quotation marks omitted).

Rule 59(a) has a less stringent standard than Rule 50(b). Under Rule 59(a), a district court may grant a new trial "even if there is substantial evidence supporting the jury's verdict." *Manley v. Ambase Corp.*, 337 F.3d 237, 244 (2d Cir. 2003) (citation and internal quotation marks omitted). Moreover, under Rule 59(a), the trial judge is free to weigh the evidence independently and need not view it in the light most favorable to the verdict winner. *See* id. at 244-45. Nevertheless, for a district court to grant a new trial under Rule 59(a), it must conclude that "the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." *Id.* at 245 (citations and internal quotation marks omitted).

Here, other than pure conjecture on Foreman's part that the jury was "rendered incapable" of properly assessing Foreman's damages based upon her relationship with her son, Foreman has not identified any circumstance suggesting that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice. As noted by defendants, plaintiffs never made any motions in limine regarding the introduction of evidence concerning Griffin's illegal drug use. In fact, plaintiffs' counsel was the first to advise the jury of Griffin's criminal record during his opening statement. The Court find that the amount of damages awarded by the jury was supported by the weight of the evidence at trial. Accordingly, Foreman's motion to set

aside the verdict and for a new trial is denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.
October 8, 2010

/s ____________________
Denis R. Hurley, U.S.D.J.